# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISCTRICT OF PENNSYLVANIA

| | |
|---|---|
| WENDY KING, INDIVIDUALLY, AND AS ADMINISTRATOR OF THE ESTATE OF CHRISTOPHER KING, DECEASED<br><br>Plaintiffs,<br><br>v.<br><br>GOLDEN RULE INSURANCE COMPANY<br><br>Defendant. | Case No. **16  3614**<br><br>**COMPLAINT AND JURY DEMAND** |

## CIVIL ACTION

Plaintiffs, Wendy King, individually, and as the Administrator of the Estate of Christopher King, deceased, by and through their undersigned counsel, hereby bring this Civil Action against Defendant Golden Rule Insurance Company, saying and alleging as follows:

## PARTIES AND JURISDICTION

1. Plaintiff, Wendy King, is the Administrator of the Estate of Christopher King, deceased, having been duly appointed by the Register of Wills in and for the County of Bucks, Pennsylvania, on March 22, 2016. A copy of the Certificate of Grant Letters of Administration is attached hereto as Exhibit "A" and is fully incorporated herein by this reference as if set out in full.

2. At all times relevant hereto, Plaintiff, Wendy King, individually, was the wife of Christopher King, deceased, and a citizen and resident of the Commonwealth of Pennsylvania and this judicial district residing at 8172 Easton Road, Ottsville, Pennsylvania 18942.

1

3. At all times relevant hereto, Christopher King, deceased, was a citizen and resident of the Commonwealth of Pennsylvania and this judicial district residing at 8172 Easton Road, Ottsville, Pennsylvania 18942, up to the date of his death on August 26, 2015.

4. Christopher King was fifty (50) years old at the time of his death.

5. Upon information and belief, Defendant, Golden Rule Insurance Company (hereinafter "Defendant Golden Rule" or "Golden Rule") is and at all times relevant was, a corporation organized and existing under the laws of the State of Indiana, having a principal place of business at 740 Woodland Drive, Indianapolis, Indiana 46278.

6. Defendant Golden Rule is authorized to sell health insurance in the Commonwealth of Pennsylvania by the Insurance Commissioner of the Commonwealth of Pennsylvania and sells policies of health insurance to individuals, businesses, partnerships, and corporations that are residents of this judicial district.

7. Defendant Golden Rule conducts business throughout this judicial district and the entire Commonwealth of Pennsylvania through the sale of health insurance policies.

8. Upon information and belief, at all relevant times, Defendant Golden Rule has transacted and conducted business within this judicial district and derived substantial revenue from interstate commerce.

9. Upon information and belief, at all relevant times, Defendant Golden Rule expected or should have expected that its actions would have consequences within the Commonwealth of Pennsylvania, in this judicial district in particular, as it has derived substantial revenue from interstate commerce.

10. At all times alleged herein, Defendant Golden Rule includes and included any and all parents, subsidiaries, affiliates, divisions, franchises, joint venturers, and organizational units

of any kind, their predecessors, successors and assigns and their officers, directors, employees, agents, representatives and any and all other persons acting on its behalf.

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and because Defendant Golden Rule is incorporated and has its principal places of business in states other than that state in which Plaintiffs reside.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiffs' claims occurred in this judicial district.

## FACTUAL ALLEGATIONS

13. Plaintiffs incorporate by reference all other allegations contained in paragraphs 1 through 12 of this Complaint as if fully set forth herein, and further alleges as follows:

14. Defendant Golden Rule insured Christopher King, deceased, under Golden Rule's short term policy of health insurance pursuant to an application that Christopher King, deceased, submitted on or about June 6, 2015. Christopher King's certification of coverage under his Golden Rule policy had an effective date of June 7, 2015. A copy of the health insurance policy and application is attached hereto as Exhibit "B" and is fully incorporated herein by this reference as if set out in full.

15. Christopher King's health insurance with Golden Rule was an individual policy for which he paid the premiums. Said health insurance policy was neither a "group" policy nor a benefits of any employment of Christopher King.

16. On or about December 30, 2015, four months after Mr. King's death, Defendant Golden Rule sent via regular mail correspondence to Plaintiffs by which it purported to terminate Christopher King's health insurance (hereinafter referred to as the "Rescission Letter") as of its

3

original effective date of June 7, 2015, and, therefore, purported to rescind his health insurance contract. A true and accurate copy of the Rescission Letter is attached hereto as Exhibit "C" and is fully incorporated herein by this reference as if set out in full.

17. In the Rescission Letter, Defendant Golden Rule stated that the basis for its purported rescission was that Christopher King had allegedly misrepresented material facts and preexisting conditions on his health insurance application relating to his health history, and that the misrepresentations were allegedly material to the risk that Defendant Golden Rule agreed to assume. *See* Exhibit "C".

18. Pursuant to the terms of the Christopher King's Golden Rule health insurance policy, Plaintiffs were provided with a 30-day period from the date of the Rescission Letter to appeal Defendant Golden Rules determination.

19. By way of letter dated January 26, 2016, Plaintiffs appealed Golden Rule's recession dated December 30, 2015 (hereinafter referred to as the "Appeal Letter"). A true and accurate copy of the Appeal Letter is attached hereto as Exhibit "D" and is fully incorporated herein by its references as it set out in full.

20. In response to the Appeal Letter, on February 29, 2016, Defendant Golden Rule sent a letter to Plaintiffs affirming its original decision to rescind Christopher King's health insurance coverage (hereinafter referred to as the "Affirmation Letter"). A true and accurate copy of the Affirmation Letter is attached hereto as Exhibit "E" and is fully incorporated herein by its reference as it set out in full.

21. Regardless of the grounds for its decision to rescind, the manner in which Defendant Golden Rule rescinded its contract with Christopher King was in violation of Pennsylvania law and, therefore, ineffective.

22. Defendant Golden Rule never contested or denied Christopher King's insurance policy nor challenged its own liability under that policy through offensive or defensive proceedings in court.

23. Defendant Golden Rule's only acts of repudiation of its obligations to Christopher King under his insurance policy were its Rescission Letter dated December 30, 2015, and its Affirmation Letter dated February 29, 2016.

24. As a result of Defendant Golden Rule's failure to properly challenge Christopher King's coverage under his health insurance policy through proceedings in court, Defendant Golden Rule failed to rescind Christopher King's health insurance contract.

## COUNT I
## BREACH OF CONTRACT
## PLAINTIFFS V. DEFENDANT

25. Plaintiffs incorporate by reference all other allegations contained in paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26. It is undisputed that Christopher King and Defendant Golden Rule entered into a health insurance contract. *See* Exhibit "B".

27. Defendant Golden Rule breached its contract of insurance with Plaintiffs when Defendant Golden Rule unilaterally voided the contact *ab initio* through means other than seeking rescission as a remedy through an action in law and equity.

28. Defendant Golden Rule breached its contact of insurance with Plaintiffs when it refused to pay claims submitted to it for Christopher King's medical care as provided under the contract without first seeking to rescind the contract by judicial action as required by Pennsylvania law.

5

29. Defendant Golden Rule breached its contractual duty of good faith and fair dealing with Plaintiffs when it unilaterally voided *ab initio* Christopher King's policy of insurance without seeking rescission through a judicial action in law or in equity.

30. As a result of Defendant Golden Rule's breach of contract, including but not limited to its breach of the implied duty of good faith and fair dealing, Plaintiffs have suffered damages in an amount to be established at the trial of this action.

**WHEREFORE,** Plaintiffs, Wendy King, individually, and as the Administrator of the Estate of Christopher King, deceased, demand judgment in their favor against Defendant Golden Rule Insurance Company for compensatory, statutory and punitive damages, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems appropriate pursuant to the common law and statutory law.

## COUNT II
## BAD FAITH DENIAL OF INSURANCE BENEFITS
## VIOLATION OF 42 PA.C.S.A. § 8371
## PLAINTIFFS V. DEFENDANT

31. Plaintiffs incorporate by reference all other allegations contained in paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32. Defendant Golden Rule lacked a reasonable basis to refuse to pay claims submitted under Christopher King's health insurance contract without first undertaking to rescind the contract through judicial action as required by Pennsylvania law.

33. Defendant Golden Rule knew that it lacked a reasonable basis, and disregarded the lack of reasonable basis, for denying Christopher King through a rescission of his insurance without a judicial determination, as Defendant Golden Rule was and is aware of the law of this

Commonwealth requiring that rescission of insurance contracts be obtained through judicial proceedings.

34. By and through is flagrant disregard for the law of this Commonwealth, Defendant Golden Rule acted in an extreme and outrageous manner towards Plaintiffs.

35. As a direct and proximate cause of Defendant Golden Rule wrongful conduct, Plaintiffs have suffered damages through unpaid claims.

**WHEREFORE,** Plaintiffs, Wendy King, individually, and as the Administrator of the Estate of Christopher King, deceased, demand judgment in their favor against Defendant Golden Rule Insurance Company for compensatory, statutory and punitive damages, in an amount in excess of $75,000 together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems appropriate pursuant to the common law and statutory law.

## **COUNT III**
## **UNJUST ENRICHMENT**
## **PLAINTIFF WENDY KING, INDIVIDUALLY V. DEFENDANT**

36. Plaintiffs incorporate by reference all other allegations contained in paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37. Defendant Golden Rule improperly voided Christopher King's contract *ab initio* without a reasonable basis thereby exposing Plaintiff, Wendy King, individually, to liability pursuant to the Doctrine of Necessaries, 23 Pa. C.S.A. § 4102 for Plaintiff decedent's unpaid medical bills related to his treatment.

38. Defendant Golden Rule knowingly received and retained wrongful benefits from Plaintiff's decedent, by improperly refusing to pay medical bills related to this treatment. In

doing so, Defendant Golden Rule acted intentionally or with conscious disregard for the rights of Plaintiff, Wendy King.

39. As a result of Defendant Golden Rule's wrongful conduct as alleged herein, Defendant Golden Rule has been unjustly enriched at the expense, and to the detriment of, Plaintiff, Wendy King, individually.

40. Defendant Golden Rule's unjust enrichment is treaceable to, and resulted directly and proximately from, the wrongful conduct alleged herein.

41. It is unfair and inequitable for Defendant Golden Rule to be permitted to retain the benefits it received, without justification, from the wrongful conduct alleged herein. Defendant Golden Rule's retention of such benefits under the circumstances is inequitable.

42. As a direct and proximate cause of Defendant Golden Rule's conduct, Plaintiff, Wendy King, individually, has suffered damages in the amount to be established at the trial of this action.

**WHEREFORE,** Plaintiff, Wendy King, individually, demands judgment in her favor against Defendant Gold Rule Insurance Company for compensatory, statutory and punitive damages in an amount in excess of $75,000, together with interest, cost of suit, attorneys' fees and all such other relief as the Court deems appropriate pursuant to the common law and statutory law.

## JURY DEMAND

Demand is hereby made for trial by jury on all issues raised by these pleadings.

Respectfully submitted,

**ANAPOL WEISS**

BY: _____
David S. Senoff, Esquire
Joseph J. Fantini, Esquire
One Logan Square
130 N. 18th Street, Suite 1600
Philadelphia, PA 19103
(215) 735-1130
dsenoff@anapolweiss.com
jfantini@anapolweiss.com

*Attorneys for Plaintiffs*

Date: 6/30/2016

9